F:\LEGAL\DJF\40824-Pichardo-NYU\40824-Notice.removal.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIA A. PICHARDO,<br><br>          Plaintiff,<br><br>-against-<br><br>NEW YORK UNIVERSITY and<br>JANE DOE - Student,<br><br>          Defendants. | Docket No.:  07 civ 6034<br>(Supreme Court: New York County<br>Index No. 106034/07)<br><br>**NOTICE OF REMOVAL**<br>**(Federal Court filing)** |

Defendant NEW YORK UNIVERSITY, ("NYU") by and through its undersigned counsel of record in this matter, GOLDBERG & ASSOCIATES, respectfully states as follows:

1.      The Undersigned is an attorney admitted to practice and in good standing before the courts of the State of New York and this Honorable Court, and is associated with the law firm of Goldberg & Associates, attorneys for Defendant NYU in this action.

## PROCEDURAL HISTORY

2.      Upon information and belief, Plaintiff commenced an action in New York State Supreme Court, New York County, by purchasing an index number and filing a Summons and Verified Complaint on or about May 3, 2007.  Annexed hereto as **Exhibit "A"** is a true copy of Plaintiff's Summons and Verified Complaint.

3.      Thereafter, upon information and belief, Plaintiff served Defendant NYU with a copy of the Summons and Verified Complaint on June 12, 2007.

4.      No further proceedings have been had in the Supreme Court of the State of New York, County of New York, in the action originally commenced therein by Plaintiff.

## NATURE OF ACTION

5. Upon information and belief, the amount in controversy in this matter exceeds Seventy-Five Thousand ($75,000) dollars. Specifically, Plaintiff seeks judgment in the amount of Two Million Dollars ($2,000,000) for injuries she claims to have sustained in an accident that occurred on May 4, 2004, at the premises located at 33 Washington Square West in the City, County and State of New York.

**BASIS FOR REMOVAL**

6. Plaintiff has alleged in her Complaint (Exhibit "A") that she is a resident of the City of Patterson and the State of New Jersey.

7. Defendant NYU was, and still is, a not-for-profit corporation organized and existing under and by virtue of the laws of the State of New York and with an office for the transaction of business in the City, County and State of New York. Defendant "JANE DOE - Student" is an unidentified and unknown individual who therefore cannot be served or participate in this litigation.

8. By virtue of the foregoing, complete diversity exists as between Plaintiff and Defendants.

9. This Court is vested with subject-matter jurisdiction of this action pursuant to 28 U.S.C. 1332(a), and this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

10. Upon information and belief, a copy of Plaintiff's Summons and Verified Complaint was served upon Defendant NYU by Plaintiff having served same upon NYU"s corporate offices on June 12, 2007. Upon information and belief, it will be impossible for Plaintiff to effectuate service upon Defendant "JANE DOE - Student" who is an unknown and unidentified individual. Therefore, this Notice is timely pursuant to 28 U.S.C. § 1446(b), insofar as it is being filed with the within Court less than thirty (30) days after Defendants actually received and/or were served with copies of Plaintiff's initial pleadings. *See*, *e.g.*, *Murphy Brothers, Inc. v. Michetti Pipe Stringing,*

*Inc.*, 526 U.S. 344 (1999) (time for Defendant to seek removal begins to run from date served with initial pleadings that would facilitate exercise of jurisdiction by court, or actual receipt of said pleadings, whichever is later); *Rowland v. Gift Certificates.com, Inc.*, 195 F.Supp.2d 509 (S.D.N.Y. 2002) (Sand, J.) (removal period begins to run upon actual receipt of legally effective service of process or actual subsequent receipt of pleadings).

WHEREFORE, Defendant NEW YORK UNIVERSITY respectfully requests that the above-captioned action, presently assigned New York State Supreme Court, New York County, Index Number 106034/07, be removed from the Supreme Court of the State of New York, County of New York, that the Clerk of said State Court be directed to transfer and furnish the complete file maintained by said State Court to the within Court, and that the Court grant such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
       June 26, 2007

**GOLDBERG & ASSOCIATES**

By: _____
DANIEL J. FOX (DF4765)
*Attorneys for Defendant NYU*
39 Broadway, 17th Floor
New York, NY 10006
(212) 968-2300

TO:   Thomas M. DeSimone, Esq.
      Joseph T. Mullen, Jr. & Associates
      30 Vesey Street, 15th Floor
      New York, NY 10007
      212-766-1177