UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA A. PICHARDO,,

    Plaintiff,

-against-

NEW YORK UNIVERSITY and JANE DOE - Student,

    Defendants.

Docket No.: 07 civ 06034

**VERIFIED ANSWER**

Defendant, NEW YORK UNIVERSITY ("NYU"), by and through its undersigned counsel of record in this matter, GOLDBERG & ASSOCIATES, as and for its Answer to Plaintiff's Verified Complaint, alleges as follows upon information and belief:

**ANSWERING THE FIRST CAUSE OF ACTION**

1.    Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph "1" of Plaintiff's Verified Complaint.

2    Denies each and every allegation set forth in paragraph "2" of Plaintiff's Verified Complaint except admits that NEW YORK UNIVERSITY was, and still is, a not-for-profit corporation organized and existing under and by virtue of the laws of the State of New York.

3.    Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph "3" of Plaintiff's Verified Complaint.

4.    Denies in the form alleged each and every allegation set forth in paragraph "4" of Plaintiff's Verified Complaint.

5. Denies in the form alleged each and every allegation set forth in paragraph "5" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

6. Denies in the form alleged each and every allegation set forth in paragraph "6" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

7. Denies in the form alleged each and every allegation set forth in paragraph "7" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

8. Denies in the form alleged each and every allegation set forth in paragraph "8" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

9. Denies in the form alleged each and every allegation set forth in paragraph "9" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

10. Denies in the form alleged each and every allegation set forth in paragraph "10" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

11. Denies each and every allegation set forth in paragraph "11" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

12. Denies each and every allegation set forth in paragraph "12" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

13. Denies each and every allegation set forth in paragraph "13" of Plaintiff's Verified Complaint.

14. Denies each and every allegation set forth in paragraph "14" of Plaintiff's Verified Complaint.

15. Denies each and every allegation set forth in paragraph "15" of Plaintiff's Verified Complaint and refers all questions of fact to the trier of the facts.

16. Denies each and every allegation set forth in paragraph "16" of Plaintiff's Verified Complaint.

17. Denies each and every allegation set forth in paragraph "17" of Plaintiff's Verified Complaint.

18. Denies each and every allegation set forth in paragraph "18" of Plaintiff's Verified Complaint.

19. Denies each and every allegation set forth in paragraph "19" of Plaintiff's Verified Complaint.

20. Denies each and every allegation set forth in paragraph "20" of Plaintiff's Verified Complaint.

21. Denies each and every allegation set forth in paragraph "21" of Plaintiff's Verified Complaint.

22. Denies each and every allegation set forth in paragraph "22" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

23. Denies each and every allegation set forth in paragraph "23" of Plaintiff's Verified Complaint.

24. Denies each and every allegation set forth in paragraph "24" of Plaintiff's Verified Complaint.

25. Denies each and every allegation set forth in paragraph "25" of Plaintiff's Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. Plaintiff's Verified Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. That the injuries and damages allegedly sustained by Plaintiff JULIA A. PICHARDO was brought about or aggravated by the negligent and careless conduct of said Plaintiff.

28. That by reason of the foregoing, any judgment which may be recovered by Plaintiff must be reduced by the amount which is attributable to the degree of culpability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Plaintiff JULIA A. PICHARDO's injuries, if any, were sustained, in whole or in part, by the contributory negligence or assumption of risk by said Plaintiff and, therefore, Plaintiff's damages must be reduced by the amount of culpable conduct attributed to said Plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. If NYU is found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and, therefore, NYU's liability shall be limited to its equitable shares, pursuant to CPLR Article 16.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. NYU is informed and believes, and based upon such information and belief, alleges that any injury, loss or damage, if any, sustained by Plaintiff JULIA A. PICHARDO was directly and proximately caused and contributed to by risks which were fully and actually known to said Plaintiff who fully and actually appreciated the nature and scope of the hazards created thereby and who nevertheless voluntarily assumed such risk and the potential consequences thereof.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. NYU did not breach or violate any legal duty owed to Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33. NYU neither committed nor failed to commit any act which damaged Plaintiff.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34. Any loss, damage or injuries sustained by Plaintiff was occasioned by the acts or omissions of Plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35. If Plaintiff sustained damages or incurred expenses as alleged, the same are not due or caused by the fault, lack of care, negligence or breach of contract on the part of NYU.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36. Plaintiff JULIA A. PICHARDO, by exercise of reasonable care, could have avoided the matter being sued upon.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

37. Plaintiff has failed to mitigate or minimize the damages allegedly sustained.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

38. Plaintiff's Verified Complaint is barred by the Doctrine of Legal Estoppel.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

39. Plaintiff's Verified Complaint is barred by the Doctrine of Equitable Estoppel.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

40. NYU had no notice or knowledge of any alleged defect or hazardous condition.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

41. The negligence of those responsible for the accident or the occurrence alleged in the Verified Complaint constituted a separate, independent, superseding, intervening culpable act or acts which constitute the sole proximate cause of the accident or occurrence herein.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

42. To the extent that Plaintiff JULIA A. PICHARDO sustained an injury at the time and place alleged in the Verified Complaint, which is expressly denied by this answering Defendant, such injury and occurrence was the result of an open and apparent hazard that was an unavoidable feature of the activity Plaintiff was voluntarily performing at the time and place alleged, and not as a result of any breach of any common law or statutory duty or obligation by this answering Defendant.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

43. Any losses, damages, or injuries sustained by Plaintiff herein, all of which is expressly denied by this answering defendant, were caused by the culpable conduct of some third person, persons, entity or entities, over whom this answering defendant neither had nor exercised control.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

44. Any verdict, judgment or decision that might be obtained by Plaintiff against this answering Defendant must be reduced by the amount of any payments obtained by or paid on behalf of Plaintiff by any collateral-source, pursuant to Section 4545(c) of the New York State Civil Practice Law and Rules and as otherwise determined by the within Court at the time of trial.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

45. NYU hereby gives notice that it intends to rely upon such other defenses as may become apparent during the discovery proceeding in this case and hereby reserves the right to amend this Verified Answer to assert any such defenses.

**WHEREFORE**, NYU respectfully requests that the Verified Complaint of Plaintiff, JULIA A. PICHARDO, be dismissed with costs assessed to said Plaintiff.

Dated: New York, New York
       June 29, 2007

Yours, etc.,

**GOLDBERG & ASSOCIATES**
*Attorneys for Defendant New York University*

By: */s/ Daniel J. Fox*
     **DANIEL J. FOX** (22 NYCRR §130-1.1)
39 Broadway, 17th Floor
New York, New York  10006
(212) 968-2300

TO:

Thomas M. DeSimone, Esq.
Joseph T. Mullen, Jr. & Associates
30 Vesey Street, 15th Floor
New York, NY 10007
212-766-1177