UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO.: 07-cv-6034

JULIA PICHARDO

                      Plaintiff,

-against-

NEW YORK UNIVERSITY and
JANE DOE – Student,

                      Defendants.

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

      Pursuant to Federal Rule of Civil Procedure 41(b), Defendant NEW YORK UNIVERSITY, ("NYU") respectfully moves for an order dismissing Plaintiff's Complaint in its entirety, and granting such other relief as the Court deems just and proper. True copies of the Complaint and NYU's Answer are annexed to the Affidavit of Daniel Fox collectively as Exhibit "A".

      Since the inception of these proceedings, Plaintiff has completely failed to prosecute any aspect of her claim against NYU. This personal injury action was initially commenced in the New York Supreme Court and thereafter removed to the Southern District. In sum, Plaintiff claims that she was injured on NYU's premises when an unidentified individual opened a stairwell door causing the door to strike her. However, other than this general allegation set forth within paragraph "15" of Plaintiff's Complaint, NYU has been deprived from obtaining even the most rudimentary information regarding Plaintiff's negligence claim.[1]

---

[1] It is NYU's position that Plaintiff's Complaint will ultimately be a candidate for dismissal by summary judgment because in all likelihood Plaintiff will be unable to demonstrate that NYU was negligent. As set forth in a recent First Department decision, without expert evidence that the stairwell door that struck the plaintiff was defective or improperly maintained, the claim was too speculative to impose liability on the property owner. *Hunter v. Riverview Towers, Inc.*, 5 A.D.3d 249, 773 N.Y.S.2d 290 (1st Dept. 2004).

Plaintiff has never served a Rule 26 disclosure statement despite being obligated under Federal and Local Rules to do so. Moreover, Plaintiff is in breach of this Court's Order dated September 20, 2007, annexed to the Affidavit of Daniel Fox as Exhibit "B", by having failed to serve her initial disclosures by September 21, 2007. Plaintiff further breached this Court's September 20 Order by failing to timely serve authorizations to obtain her medical records.[2]

On September 21, 20007, NYU served Plaintiff with a Demand for Production of Documents and Demand for Interrogatories, which are annexed to the Affidavit of Daniel Fox collectively as Exhibit "C". To date, Plaintiff has failed to respond to these discovery demands.

In an effort to amicably compel Plaintiff's compliance with discovery and this Court's September 20 Order, on November 29, 2007, the undersigned counsel for NYU furnished a letter to Plaintiff's erstwhile attorneys, the law firm of Joseph T. Mullen, Jr. & Associates, requesting an immediate response to discovery, a copy of which is annexed to the Affidavit of Daniel Fox as Exhibit "D". Instead of serving the Rule 26 disclosure or any discovery responses, Plaintiff's counsel advised the undersigned of its intention to withdraw as counsel for Plaintiff.

Subsequently, the law firm of Joseph T. Mullen, Jr. & Associates filed a motion to withdraw and this Court scheduled a hearing to be held on January 22, 2008 at which time Plaintiff <u>and</u> her attorney were ordered to appear before Magistrate Judge Michael H. Dolinger. A copy of the Order is annexed to the Affidavit of Daniel Fox as Exhibit "E". Although the law firm of Joseph T. Mullen, Jr. & Associates appeared at the hearing to withdraw, inexplicably and contrary to this Court's Order, Plaintiff did not appear at the hearing.

Ultimately, the motion to withdraw was granted by a Memo Endorsement dated February 19, 2008, and Plaintiff was granted thirty (30) days to retain a new attorney or otherwise be deemed to be proceeding *pro se*. Shortly thereafter, on February 21, the undersigned provided a letter to Plaintiff to advise her regarding the outcome of the motion to withdraw, and further, to request her response to the outstanding discovery demands. The February 21 letter, a copy of

---

[2] Plaintiff did eventually serve two (2) limited authorizations to obtain her medical records; however, most of her relevant medical history remains unknown and Plaintiff has refused to supply further information.

which is annexed to the Affidavit of Daniel Fox (without attachments) as Exhibit "F" also inquired whether Plaintiff intended to prosecute her claim or if she would consider a voluntary discontinuance. Plaintiff failed to respond to the letter, though upon information and belief, the letter was received because it was never rejected or returned to the sender.[3]

On March 24, 2008, after Plaintiff's thirty (30) days to retain new counsel had expired, the undersigned prepared a letter to The Honorable Magistrate Judge Dolinger in response to an inquiry from Judge Dolinger's law clerk regarding the status of the case. Within this March 24 correspondence, a copy of which is annexed to the Affidavit of Daniel Fox as Exhibit "G", the undersigned advised this Court of NYU's intent to seek dismissal of Plaintiff's Complaint, given Plaintiff's failure to comply with any of this Court's Orders or provide any discovery. A copy of the letter was provided to Plaintiff and was never returned or rejected. Nonetheless, Plaintiff's silence persisted and she never responded to the March 24 letter.

Thereafter, on April 10, 2008, the undersigned served a letter upon Plaintiff via Certified Mail Return Receipt Requested to advise that NYU would seek dismissal of her Complaint pursuant to Section 41(b) of the F.R.C.P. within two (2) weeks if Plaintiff persisted in her failure to establish contact with NYU's undersigned counsel and prosecute her claim. Within the letter, it was explained to Plaintiff that her failure to respond to discovery and comply with prior Court Orders constitutes grounds for dismissal with prejudice of her Complaint. The letter also explained that if her Complaint is dismissed with prejudice, Plaintiff will be forever barred from maintaining her claim against NYU. Finally, the letter informed Plaintiff that it constituted her third and final opportunity to respond before being served with the instant motion. A copy of the April 10 letter together with the return receipt signed by Plaintiff evidencing Plaintiff's receipt of the letter is annexed to the Affidavit of Daniel Fox as Exhibit "H".

---

[3] The February 19, 2008 letter and all subsequent correspondence to Plaintiff has been directed to Plaintiff at her last known address, a P.O. Box in Hawthorne, New Jersey, which is also the address listed on Plaintiff's Complaint. The undersigned requested a physical address of Plaintiff from the law firm of Joseph T. Mullen, Jr. & Associates, but this request was refused. The undersigned has also requested in the February 21 letter that Plaintiff furnish a physical address, but this request was ignored.

Consistent with her prior course of conduct, Plaintiff ignored the April 10 letter and has failed to respond to the outstanding discovery, comply with this Court's Orders or prosecute her claim in any manner. By virtue of these circumstances, it is posited that NYU is entitled to dismissal of Plaintiff's Complaint pursuant to F.R.C.P. § 41(b).

"Fed. R. Civ. P. 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Shabtai v. Levande et al.*, 28 Fed. Appx. 684 (2d Cir. 2002) citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) see also *Quinones v. National Amusements, Inc.*, 07 civ. 663 (MHD); 2007 U.S. Dist. LEXIS 77868 (S.D.N.Y. 2007).

In the case at bar, Plaintiff's has been provided with numerous opportunities to prosecute this case and has consistently demurred. Indeed, Plaintiff's original counsel in this matter had no choice but to withdraw from Plaintiff's representation due to Plaintiff's refusal to participate in the discovery process. As a *pro se* litigant, Plaintiff has refused to communicate with counsel for NYU or respond to any of the outstanding discovery despite repeated requests. Plaintiff has also been duly warned that her repeated failure to cooperate will result in the filing of the instant motion.

Accordingly, for the reasons set forth above, it is respectfully requested that the within Court issue an Order striking and dismissing Plaintiff's Complaint in its entirety and awarding such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
      May 30, 2008                                Respectfully submitted,

                                                    **GOLDBERG & ASSOCIATES**
                                                    Attorneys for NYU

                        By:    /s/_____
                                  DANIEL J. FOX (DF-4765)
                                  39 Broadway, 17th Floor
                                  New York, New York 10006
                                  (212) 968-2300

-5-

TO:    Julia Pichardo
        Plaintiff *pro se*
        P.O. Box 433
        Hawthorne, NJ 07514