F:\LEGAL\DJF\40824-Pichardo-NYU\40824-demand.disc.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA A. PICHARDO,

          Plaintiff,

          -against-

NEW YORK UNIVERSITY and
JANE DOE - Student,

          Defendants.

Docket No.: 07 civ 6034 (BSJ)(MHD)

**DEFENDANT'S DEMAND FOR PRODUCTION**

TO:  Thomas M. DeSimone, Esq.
      Joseph T. Mullen, Jr. & Associates
      30 Vesey Street, 15th Floor
      New York, NY 10007
      212-766-1177

PLEASE TAKE NOTICE, that Defendant NEW YORK UNIVERSITY requests that Plaintiff furnish the following discovery no later than thirty (30) days following service hereof, pursuant to Rule 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS

1.   **COMMUNICATION**: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether in written or oral form.

2.   **DOCUMENT**: The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.   **IDENTIFY**: (With Respect to Persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when

referring to a natural person, additionally, the present or last known place of employment and last known telephone number. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.  **IDENTIFY**: (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5.  **PARTIES**: The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.  **PERSON**: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

7.  **CONCERNING**: The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.  The following rules of construction apply to all discovery requests:

    a.  **All/Each**: The term "all" and "each" shall be construed as all and each.

    b.  **And/Or**: The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

    c.  **Number**: The use of the singular form of any word includes the plural and vice versa.

9. The term "the Subject Accident" means the occurrence Plaintiff describes and alleges in the Complaint and which Plaintiff claims was the result, in whole or in part, of Defendant's negligence.

## REQUESTS

1. Duly executed and notarized authorizations directing each healthcare provider who furnished services to Plaintiff JULIA PICHARDO from the date of the Subject Accident to and through the present to release certified copies of all documents, films, invoices, correspondence, and all other records concerning all professional services furnished to the aforesaid Plaintiff to the undersigned counsel for Defendant herein.

2. Duly executed and notarized authorizations directing each healthcare provider who furnished services to Plaintiff JULIA PICHARDO for three (3) years prior to the Subject Accident to release certified copies of all documents, films, invoices, correspondence, and all other records concerning all professional services furnished to the aforesaid Plaintiff to the undersigned counsel for Defendant herein.

3. Duly executed and notarized authorizations directing each insurance carrier who provided health insurance coverage and/or similar benefits to Plaintiff JULIA PICHARDO for during the period three (3) years prior to the Subject Accident through the present to release a complete and certified copy of Plaintiff's complete claims file to the undersigned for the aforesaid period.

4. If Plaintiff has ever commenced or otherwise been party to any other civil actions to recover for personal injuries, copies of all pleadings, discovery, Bills of Particular, deposition transcripts, General Releases, judgments, and all other litigation documents that in any manner are

related to: (a) physical injuries Plaintiff claimed to have sustained; (b) the nature of any accidents in which Plaintiff was involved; (c) the amount of damages or awards obtained by Plaintiff as compensation for injuries. If Plaintiff's current counsel did not/do not represent Plaintiff in those other actions, demand is hereby also made that Plaintiff furnish a duly executed and notarized authorization directing her counsel in those other actions to furnish complete copies of all non-privileged documents concerning such litigations.

5. Duly executed written authorizations directing release to the undersigned counsel of Plaintiff's complete employment records, including all records of attendance, job performance evaluations, job descriptions, and all other personnel information, by each employer that has employed plaintiff for the period of five (5) years prior to the Subject Accident to and through the present.

6. Duly executed written authorizations directing release to the undersigned counsel of Plaintiff's complete school records, including all records of attendance, medical records, and all other student matriculation information, by each school/university that Plaintiff has attended for the period of three (3) years prior to the Subject Accident to and through the present.

7. Copies of any accident reports, if any, referable to every accident in which Plaintiff has been involved, or, if Plaintiff does not have custody, control or possession of such reports, or access to them, authorizations directed to the appropriate departments/individuals in whose jurisdiction each such accident occurred, directing and requesting the release of each such accident report to the undersigned counsel.

8. Duly executed IRS form 4509 authorizations, accompanied by two (2) forms of identification (at least one of which bears Plaintiff's photographic likeness), directing release to the

undersigned counsel for Defendant herein of Plaintiff's complete tax records for the period of three (3) years prior to the Subject Accident to and through the present.

9. A statement identifying each witness Plaintiff intends to offer as an expert at the time of trial of this action, and furthermore setting forth such expert disclosure as is mandated by Federal Rule of Civil Procedure 26(d).

10. The identities of all other witnesses Plaintiff is aware of who possess personal knowledge concerning the Subject Accident and/or the injuries Plaintiff claims to have sustained as a result of the Subject Accident.

11. Original reproductions of all photographs, videos, motion pictures, slides, charts, diagrams, computer simulations, CD-ROM, tapes and/or films depicting the scene of the Subject Accident.

12. Original reproductions of all photographs, videos, motion pictures, slides, charts, diagrams, computer simulations, CD-ROM, tapes and/or films depicting the alleged damages sustained by Plaintiff.

13. Original reproductions of all photographs, videos, motion pictures, slides, charts, diagrams, computer simulations, CD-ROM, tapes and/or films depicting the defective condition, if any, alleged by Plaintiff.

14. Original reproductions of all photographs, videos, motion pictures, slides, charts, diagrams, computer simulations, CD-ROM, tapes and/or films depicting any reconstruction of the Subject Accident.

15. Original reproductions of all photographs, videos, motion pictures, slides, charts, diagrams, computer simulations, CD-ROM, tapes and/or films depicting the defective condition, if any, which Plaintiff intends to introduce at depositions or trial.

16. Copies of all written and/or recorded statements taken of or from Defendant or any of Defendant's agents, servants or employees.

Dated: New York, New York
September 21, 2007

By: **GOLDBERG & ASSOCIATES**

_(signature)_

DANIEL J. FOX (DF 4765)
Attorneys for Defendant NYU
39 Broadway, 17th Floor
New York, NY 10006
(212) 968-2300
dfox@g-alaw.com
FN:   40824

TO: Thomas M. DeSimone, Esq.
Joseph T. Mullen, Jr. & Associates
30 Vesey Street, 15th Floor
New York, NY 10007
212-766-1177

-7-

F:\LEGAL\DJF\40824-Pichardo-NYU\40824 CERTIFICATE OF SERVICE 092107.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA A. PICHARDO,

        Plaintiff,

-against-

NEW YORK UNIVERSITY and
JANE DOE - Student,

        Defendants.

Docket No.: 07 civ 6034 (BSJ) (MHD)

**CERTIFICATE OF MAILING**

    I, **CARLOS A. VASQUEZ** the undersigned, am employed by **GOLDBERG & ASSOCIATES** attorneys for defendants.

    On **September 21, 2007**, I sent a package via regular mail service, addressed to each of the following person(s) at the last known address(es) set forth after each name(s):

TO:    Thomas M. DeSimone, Esq.
        Joseph T. Mullen, Jr. & Associates
        30 Vesey Street, 15th Floor
        New York, NY 10007
        (212) 766-1177

containing a true copy of **DEFENDANTS' DEMAND FOR PRODUCTION**.

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 21, 2007

                                          _____
                                          CARLOS A. VASQUEZ

F:\LEGAL\DJF\40824-Pichardo-NYU\40824-demand.rogs.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIA A. PICHARDO,<br><br>                Plaintiff,<br><br>    -against-<br><br>NEW YORK UNIVERSITY and<br>JANE DOE - Student,<br><br>                Defendants. | Docket No.:   07 civ 6034 (BSJ)(MHD)<br><br>**DEFENDANTS' FIRST<br>SET OF INTERROGATORIES<br>TO PLAINTIFFS** |

TO:   Thomas M. DeSimone, Esq.
       Joseph T. Mullen, Jr. & Associates
       30 Vesey Street, 15th Floor
       New York, NY 10007
       212-766-1177

PLEASE TAKE NOTICE, that Defendant NEW YORK UNIVERSITY requests that Plaintiff answer the following interrogatories within thirty (30) days of the date herein, pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure.

### DEFINITIONS

1.   COMMUNICATION: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether in written or oral form.

2.   DOCUMENT: The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.   IDENTIFY: (With Respect to Persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and

when referring to a natural person, additionally, the present or last known place of employment and last known telephone number. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. **IDENTIFY**: (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5. **PARTIES**: The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. **PERSON**: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

7. **CONCERNING**: The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8. The following rules of construction apply to all discovery requests:

a. **All/Each**: The term "all" and "each" shall be construed as all and each.

b. **And/Or**: The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

c. **Number**: The use of the singular form of any word includes the plural and vice versa.

9. The term "the Subject Accident" means the occurrence Plaintiff describes and alleges in the Complaint and which Plaintiff claims was the result, in whole or in part, of Defendant's negligence.

## INTERROGATORIES

1. State:

   a. The date of birth, social security number and current residence of Plaintiff.

   b. Date and approximate time of the Subject Accident.

   c. State the exact location of the Subject Accident with sufficient detail to permit identification with respect and relation to fixed points, and the manner in which Plaintiff alleges or the occurrence referred to in the complaint took place.

   d. The acts or omissions Plaintiff will claim constitutes the negligence of each Defendant herein.

2. State what statutes, regulations, rules, ordinances it will be claimed were violated by this Defendant, specifying the chapter, section, subdivision or article thereof, including the date of each alleged violation, and how and in what manner each violation was committed by Defendant.

3. Set forth the nature, extent, location and duration of each and every injury claimed to have been caused or otherwise sustained by each Plaintiff as a result of the alleged accident, including an identification of each injury which is claimed to be permanent, and those which have resolved (along with the date each such temporary injury healed).

4. Set forth the nature, extent, and location of each pre-existing medical and/or psychological condition, illness and/or injury that each Plaintiff claims was aggravated or exacerbated as a result of the alleged accident, or a statement that no such aggravation/exacerbations claims are being made in the instant action.

5. State the date, time and location of any accidents in which Plaintiff sustained bodily injury <u>subsequent</u> to the Subject Accident, identify each other individual involved in each <u>subsequent</u> accident, and specify each injury sustained by Plaintiff in each such accident.

6. State the date, time and location of any accidents in which Plaintiff sustained personal injury prior to the Subject Accident, identify each other individual involved in each prior accident, and specify each injury sustained by Plaintiff in each such accident.

7. Set forth the specific dates Plaintiff claims to have been confined, as a result of the Subject Accident, to: (a) a hospital or other medical facility (giving specific dates of admission and discharge); (b) bed; and/or (c) home.

8. If x-rays, MRI's and/or other radiologic examination of any portion of Plaintiff's body that was allegedly injured in the Subject Accident were performed either before or after the Subject Accident, state the name and address of the place where they were taken, identify the person who took them, and state the date each x-ray, MRI and/or other radiologic examination was taken and what each such examination disclosed.

9. Identify each healthcare provider who furnished services to Plaintiff subsequent to the Subject Accident, along with the dates and places where such services were received and the last date each provider furnished such services to Plaintiff.

10. Identify each healthcare provider who furnished services to Plaintiff for five (5) years prior to the Subject Accident, along with the dates and places where such services were received and the last date each provider furnished such services to Plaintiff.

11. Identify each insurance carrier that furnished benefits to Plaintiff in connection with all healthcare services Plaintiff received from five (5) years prior to the date of the Subject Accident to and through the present, including all No Fault carriers, workers' compensation carriers, public benefits agencies, and all other similar collateral sources of payment, and the amount of all such payments made in connection with injuries, illnesses, and/or medical conditions Plaintiff claims were the result of the Subject Accident.

12. If Plaintiff was employed at the time of accident, state: (a) the name and address of Plaintiff's employer; (b) the position held by Plaintiff and nature of work Plaintiff performed; (c) Plaintiff's average weekly wages for the year prior to the Subject Accident; (d) the period of time Plaintiff claims he lost from employment, giving dates; and (e) the amount of wages Plaintiff claims to have lost, if any, as a result of the Subject Accident.

13. If other loss of income, profit or earnings is claimed:

a. State total amount of said loss.

b. Give a complete detailed computation of said loss.

c. State nature and source of loss of such income, profit and earnings and date of deprivation thereof.

14. If Plaintiff has returned to his/her employment or occupation, state:

a. Name and address of present employer.

b. Position held and nature of work performed.

c. Present weekly wages, earnings, income or profit.

15. If Plaintiff was matriculated as a student at the time of the Subject Accident, state (a) the name of the school/university; (b) Plaintiff's academic year that the time of the Subject Accident; and (c) the period of time, if any, Plaintiff claims she lost from school attendance, giving dates.

16. Itemize in complete detail any and all moneys expended of expenses incurred, including the name and address of each payee and the amount paid or owed each payee, for: (a) hospitals; (b) doctors; (c) nurses/nursing services; (d) x-rays, MRI's, CT scans, and similar diagnostic services; (e) medicines; (f) appliances/devices; (g) EMG, SSEP, ECV, and all other similar diagnostic testing; (h) psychological services; and (i) all other healthcare expenses allegedly incurred as a result of the Subject Accident.

17. Itemize any and all other financial losses or expenses incurred not otherwise set forth.

05/30/2008 14:59 IFAX goldbergandassociatesfax@g-alaw.com → Daniel Fox ☒017/020
Case 1:07-cv-06034-BSJ-MHD   Document 18-6   Filed 05/30/2008   Page 17 of 20

18. If Plaintiff has ever commenced or otherwise been party to any other civil actions to recover for personal injuries, state:

　　a. The date of each and every injury for which Plaintiff sought to recover damages;

　　b. The name and addresses of all healthcare providers who treated or otherwise examined Plaintiff in connection with such injuries;

　　c. The complete caption of the litigation, the state and county in which the litigation was commenced, and the names and addresses of all attorneys who represented partes in the case, and Plaintiff's role (e.g., Plaintiff or Defendant) in each litigation.

19. State whether Plaintiff was married at the time of the occurrence alleged in the Complaint, and, if so, set forth the name and current address of Plaintiff's spouse.

20. If a claim will be made for loss of service or consortium, set forth the manner in which such damages are calculated, identifying the nature of the loss of services or consortium, and the length of time for which such claim is made.

21. Identify any and all accident reports, which are within Plaintiff's possession, custody or control with regard to the Subject Accident. For each and every report identified by Plaintiff, set forth the manner in which Plaintiff obtained said report.

Dated: New York, New York
       September 21, 2007

By:     GOLDBERG & ASSOCIATES

*[signature]*

Daniel J. Fox, Esq. (DF 4765)
Attorneys for Defendant NYU
39 Broadway, 17th Floor
New York, NY 10006
(212) 968-2300
dfox@g-alaw.com
FN:   40824

TO: Thomas M. DeSimone, Esq.
    Joseph T. Mullen, Jr. & Associates
    30 Vesey Street, 15th Floor
    New York, NY 10007
    212-766-1177

## **VERIFICATION**

      I hereby swear that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _____, 2007

                                                                                         JULIA PICHARDO

      On _____ before me personally came JULIA PICHARDO, to me known, and known to me to be the individual described in, and who each executed the foregoing **VERIFICATION** and duly acknowledged to me that he/she executed the same.

_____
NOTARY PUBLIC

-11-

F:\LEGAL\DJF\40824-Pichardo-NYU\40824 CERTIFICATE OF SERVICE 092107.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIA A. PICHARDO, | Docket No.: 07 civ 6034 (BSJ) (MHD) |
| Plaintiff, | |
| -against- | **CERTIFICATE OF MAILING** |
| NEW YORK UNIVERSITY and JANE DOE - Student, | |
| Defendants. | |

I, **CARLOS A. VASQUEZ** the undersigned, am employed by **GOLDBERG & ASSOCIATES** attorneys for defendants.

On **September 21, 2007**, I sent a package via regular mail service, addressed to each of the following person(s) at the last known address(es) set forth after each name(s):

TO:  Thomas M. DeSimone, Esq.
Joseph T. Mullen, Jr. & Associates
30 Vesey Street, 15th Floor
New York, NY 10007
(212) 766-1177

containing a true copy of **DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS**.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 21, 2007

_____
CARLOS A. VASQUEZ