UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO.: 07-cv-6034

JULIA PICHARDO

                     Plaintiff,

    -against-

NEW YORK UNIVERSITY and
JANE DOE – Student,

                     Defendants.

**MEMORANDUM OF LAW**

i

## TABLE OF AUTHORITIES

*Antonio v. Beckford*,
    2006 U.S. Dist. LEXIS 71859,
    2006 WL 2819598 (S.D.N.Y. September 29, 2006) ……………………………………...5

*Copeland v. Rosen*,
    194 F.R.D. 127, 131-132 (S.D.N.Y. 2000) ……………………………………………….5

*Doe v. City of New York*,
    2004 U.S. Dist. LEXIS 21428,
    2004 WL 2397191, at *2 (S.D.N.Y. Oct. 25, 2004) ………………………….…….4, 5

*Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*,
    233 F.R.D. 344, 353 (S.D.N.Y. 2005) …………………………………………………….5

*Feurtado v. City of New York*,
    225 F.R.D. 474, 478 (S.D.N.Y. 2004) ……………………………………………………5

*Gittens v. Garlocks Sealing Techs.*,
    19 F. Supp. 2d 104 (W.D.N.Y. 1998)……………………………………………….…4

*Hunter v. Riverview Towers, Inc.*,
    5 A.D.3d 249, 773 N.Y.S.2d 290 (1st Dept. 2004) …………………………………………..1

*Jacobs v. County of Westchester*,
    99 Civ. 4976 (WCC); 2008 U.S. Dist. LEXIS 4616 at [*8]
    (S.D.N.Y. January 22, 2008)……………………………………………………………….4, 6

*Lucas v. Miles*,
    84 F.3d 532, 534-35 (2d Cir. 1996) ……………………………………………………4

*Mathews v. U.S. Shoe Corp.*,
    176 F.R.D. 442, 445 (W.D.N.Y. 1997) …………………………………………......6

*Nita v. Conn. Dep't of Envtl. Prot.*,
    16 F.3d 482, 485 (2d Cir. 1994) …………………………………………………….4

*Peters-Turnbull v. Bd. Of Educ. Of N.Y.*,
    No. 96 Civ. 4914 (SAS), 1999 U.S. Dist. LEXIS 16079
    (S.D.N.Y. October 20, 1999) ………………………….……………………....5

*Quinones v. National Amusements, Inc.*,
    07 civ. 663 (MHD); 2007 U.S. Dist. LEXIS 77868 (S.D.N.Y. 2007) ……………………4

*Shabtai v. Levande et al.*,
    28 Fed. Appx. 684 (2d Cir. 2002)…………...…………………………….…….4

*Simmons v. Abruzzo*,
    49 F.3d 83, 87 (2d Cir. 1995)…....…………...…………………………………..……4

*United States ex rel. Drake v. Norden Sys., Inc.*
    375 F.3d 248 (2d Cir. 2004) ……………………………………………………………4

*Villena v. Det. Oquendo et al.*,
    07 Civ. 3485 (GEL)(JCF), 2008 U.S. Dist. LEXIS 24143 at [*6]
    (S.D.N.Y. March 27, 2008)……………………………..…………………...…....5, 6

*Williams v. Partich*,
    2008 U.S. Dist. LEXIS 34713 (S.D.N.Y. April 24, 2008) …………………………….5, 6

**ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 41(b), Defendant NEW YORK UNIVERSITY, ("NYU") respectfully moves for an order dismissing Plaintiff's Complaint in its entirety.

Since the inception of these proceedings, Plaintiff has completely failed to prosecute any aspect of her claim against NYU. This personal injury action was initially commenced in the New York Supreme Court and thereafter removed to the Southern District. In sum, Plaintiff claims that she was injured on NYU's premises when an unidentified individual opened a stairwell door causing the door to strike her. However, other than this general allegation set forth within paragraph "15" of Plaintiff's Complaint (*See* Fox Affidavit at Exhibit "A"), NYU has been deprived from obtaining even the most rudimentary information regarding Plaintiff's negligence claim.[1]

Plaintiff has never served a Rule 26 disclosure statement despite being obligated under Federal and Local Rules to do so. Moreover, Plaintiff is in breach of this Court's Order dated September 20, 2007 by having failed to serve her initial disclosures by September 21, 2007 (*See* Fox Affidavit at Exhibit "B"). Plaintiff further breached this Court's September 20, 2007 Order by failing to timely serve authorizations to obtain her medical records.[2]

On September 21, 2007, NYU served Plaintiff with a Demand for Production of Documents and Demand for Interrogatories (*See* Fox Affidavit at Exhibit "C"). As set forth herein, Plaintiff has failed to respond to these discovery demands despite numerous written requests and Court Orders compelling her to do so.

---

[1] It is NYU's position that Plaintiff's Complaint will ultimately be a candidate for dismissal by summary judgment because in all likelihood Plaintiff will be unable to demonstrate that NYU was negligent. As set forth in a recent First Department decision, without expert evidence that the stairwell door that struck the plaintiff was defective or improperly maintained, the claim was too speculative to impose liability on the property owner. *Hunter v. Riverview Towers, Inc.*, 5 A.D.3d 249, 773 N.Y.S.2d 290 (1st Dept. 2004).

[2] Plaintiff did eventually serve two (2) limited authorizations to obtain her medical records; however, most of her relevant medical history remains unknown and Plaintiff has refused to supply further information.

In an effort to amicably compel Plaintiff's compliance with discovery and this Court's September 20, 2007 Order, on November 29, 2007, the undersigned counsel for NYU furnished a letter to Plaintiff's erstwhile attorneys, the law firm of Joseph T. Mullen, Jr. & Associates, requesting an immediate response to discovery (*See* Fox Affidavit at Exhibit "D"). Instead of serving the Rule 26 disclosure or any discovery responses, Plaintiff's counsel advised the undersigned of its intention to withdraw as counsel for Plaintiff.

Subsequently, the law firm of Joseph T. Mullen, Jr. & Associates filed its motion to withdraw, and this Court scheduled a hearing to be held on January 22, 2008 at which time Plaintiff <u>and</u> her attorney were ordered to appear before Magistrate Judge Michael H. Dolinger (*See* Fox Affidavit at Exhibit "E"). Although the law firm of Joseph T. Mullen, Jr. & Associates appeared at the hearing to withdraw, inexplicably and contrary to this Court's Order, Plaintiff did not appear at the hearing.[3]

Ultimately, the motion to withdraw was granted by a Memo Endorsement dated February 19, 2008, and Plaintiff was granted thirty (30) days to retain a new attorney or otherwise be deemed to be proceeding *pro se*. Shortly thereafter, on February 21, 2008, the undersigned provided a letter to Plaintiff to inform her regarding the outcome of the motion to withdraw, and further, to request her response to the outstanding discovery demands (*See* Fox Affidavit at Exhibit "F"). The aforesaid letter also inquired whether Plaintiff intended to prosecute her claim or if she would consider a voluntary discontinuance. Plaintiff failed to respond to the letter, though upon information and belief, the letter was received because it was never rejected or returned to the sender.[4]

---

[3] NYU acknowledges that Plaintiff's failure to appear at the January 22 hearing was excused by the Court despite the fact that no explanation for Plaintiff's absence was provided.

[4] The February 19, 2008 letter and all subsequent correspondence to Plaintiff has been directed to Plaintiff at her last known address, a P.O. Box in Hawthorne, New Jersey, which is also the address listed on Plaintiff's Complaint. The undersigned requested a physical address of Plaintiff from the law firm of Joseph T. Mullen, Jr. & Associates, but this request was refused. The undersigned has also requested in the February 21 letter that Plaintiff furnish a physical address, but this request was ignored.

On March 24, 2008, after Plaintiff's court-ordered thirty (30) days to retain new counsel had expired, the undersigned prepared a letter to The Honorable Magistrate Judge Dolinger in response to an inquiry from Judge Dolinger's law clerk regarding the status of the case (*See* Fox Affidavit at Exhibit "G"). Within this March 24 correspondence, the undersigned advised this Court of NYU's intent to seek dismissal of Plaintiff's Complaint, given Plaintiff's failure to comply with any of this Court's Orders or provide any discovery. A copy of the letter was provided to Plaintiff and was never returned or rejected. Nonetheless, Plaintiff's silence persisted and she never responded to the March 24 letter.

Thereafter, on April 10, 2008, the undersigned served a letter upon Plaintiff via Certified Mail Return Receipt Requested to advise that NYU would seek dismissal of her Complaint pursuant to Section 41(b) of the F.R.C.P. within two (2) weeks if Plaintiff persisted in her failure to establish contact with NYU's undersigned counsel and prosecute her claim (*See* Fox Affidavit at Exhibit "H"). Within the April 10 letter, it was explained to Plaintiff that her failure to respond to discovery and comply with prior Court Orders constitutes grounds for dismissal with prejudice of her Complaint. The letter also explained that if her Complaint is dismissed with prejudice, Plaintiff will be forever barred from maintaining her claim against NYU. Finally, the letter informed Plaintiff that it constituted her third and final opportunity to respond before being served with the instant motion. However, consistent with her prior course of conduct, Plaintiff ignored the April 10 letter and has failed to respond to the outstanding discovery, comply with this Court's Orders or prosecute her claim in any manner.

On June 9, 2008 this Court issued a Memorandum and Order in which Plaintiff was directed to respond to NYU's discovery demands by June 23, 2008 (*See* Fox Affidavit at Exhibit "I"). Plaintiff failed to comply with the Order, and her complete silence persisted. In the event of Plaintiff's non-compliance, the June 9 Order also directed the undersigned counsel for NYU to file a motion seeking the appropriate relief arising out of Plaintiff's failure to comply with discovery including the remedy of dismissal of Plaintiff's Complaint.

3

By virtue of these circumstances, it is posited that NYU is entitled to dismissal of Plaintiff's Complaint pursuant to F.R.C.P. § 41(b).

"Fed. R. Civ. P. 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Shabtai v. Levande et al.*, 28 Fed. Appx. 684 (2d Cir. 2002) citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) see also *Quinones v. National Amusements, Inc.*, 07 civ. 663 (MHD); 2007 U.S. Dist. LEXIS 77868 (S.D.N.Y. 2007). Although vested with the power of dismissal, the Second Circuit has cautioned that particularly when dealing with *pro se* plaintiffs, "dismissal is a harsh remedy and is appropriate only in extreme situations." *Jacobs v. County of Westchester*, 99 Civ. 4976 (WCC); 2008 U.S. Dist. LEXIS 4616 at [*8] (S.D.N.Y. January 22, 2008) citing *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996).

Where a *pro se* Plaintiff failed to comply with two (2) court orders within a six-month period, the court considered such failure sufficient cause to dismiss the complaint. *Gittens v. Garlocks Sealing Techs.*, 19 F. Supp. 2d 104 (W.D.N.Y. 1998) cited within *Jacobs, supra* at [*8].

The Second Circuit has promulgated a "balancing test" of five (5) factors for courts to consider when determining whether dismissal pursuant to F.R.C.P. § 41(b) is appropriate. "These five factors are: (1) the duration of the plaintiff's failure to prosecute; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion, carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions." *Jacobs, supra* at [*8, *9] citing *United States ex rel. Drake v. Norden Sys., Inc.* 375 F.3d 248 (2d Cir. 2004); *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Significantly, not all five (5) of the foregoing factors must be present in order to warrant dismissal of a case; even where the plaintiff is *pro se*. *Jacobs, supra* at [*9] citing *Doe v. City of*

*New York*, 2004 U.S. Dist. LEXIS 21428, 2004 WL 2397191, at *2 (S.D.N.Y. Oct. 25, 2004). As set forth herein, in the case at bar, it is respectfully submitted that most, if not all, five (5) balancing factors warrant dismissal of the instant matter.

With regard to duration, Plaintiff has failed to take any steps to prosecute her claim since September 2007, thus evidencing at least a ten (10) month duration. In recent decisions, the Southern District has routinely dismissed cases in which a ten-month or less duration to prosecute has ensued. *Copeland v. Rosen*, 194 F.R.D. 127, 131-132 (S.D.N.Y. 2000) (a one-month delay was grounds for dismissal); *Antonio v. Beckford*, 2006 U.S. Dist. LEXIS 71859, 2006 WL 2819598 (S.D.N.Y. September 29, 2006) (four-month delay sufficient to justify dismissal); *Williams v. Partich*, 2008 U.S. Dist. LEXIS 34713 (S.D.N.Y. April 24, 2008) (eight-month delay warranted dismissal); *Peters-Turnbull v. Bd. Of Educ. Of N.Y.*, No. 96 Civ. 4914 (SAS), 1999 U.S. Dist. LEXIS 16079 (S.D.N.Y. October 20, 1999) (delay of five to ten months falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss). However, the Southern District has also held that, "duration is of limited significance where a party deliberately disobeys court orders and takes no action to prosecute the case." *Feurtado v. City of New York*, 225 F.R.D. 474, 478 (S.D.N.Y. 2004).

With regard to the second factor, Plaintiff has received notice on several occasions that her case may be dismissed as evidenced by the letters from the undersigned counsel for NYU (*See* Fox Affidavit at Exhibits "G" and "H") and more importantly, the Order of Magistrate Judge Dolinger dated June 9, 2008 (*See* Fox Affidavit at Exhibit "I"). "A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal." *Williams, supra* at [*9] citing *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005).

As for prejudice, it is respectfully submitted that NYU has been and continues to be prejudiced by Plaintiff's failure to prosecute her claim. "A delay created by a plaintiff's refusal to cooperate with discovery requests is <u>clearly prejudicial</u>." *Villena v. Det. Oquendo et al.*, 07

Civ. 3485 (GEL)(JCF), 2008 U.S. Dist. LEXIS 24143 at [*6] (S.D.N.Y. March 27, 2008) *emphasis supplied* citing *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997). In the instant matter, NYU has been deprived from learning any essential facts regarding the basis of Plaintiff's claim. Moreover, NYU has expended significant time and resources attempting to defend a claim that Plaintiff apparently has no interest in prosecuting.

It is posited that without question, Plaintiff has been provided a fair opportunity to be heard. She could have participated in discovery at the onset, but refused to do so, thus prompting her attorneys to withdraw. She could have appeared at the January conference before Your Honor, but either failed or refused to do so. She has ignored each and every letter from counsel for NYU attempting to secure her compliance with discovery. Finally, and most egregiously, she has willfully ignored this Court's June 9 explicit warning that her case may be subject to dismissal if she fails to respond to NYU's discovery. Moreover, "while a single case does not overly burden the Court's calendar, protracted delays in a case will burden the Court. *Williams, supra* at [*10] citing *Jacobs, supra* at [*6].

With regard to the fifth prong, Plaintiff has been given numerous opportunities to prosecute her claim and has willfully ignored every opportunity. In defending this matter, NYU has incurred, and continues to incur significant expense. Compounded by the fact that Plaintiff's refusal to furnish rudimentary discovery has prejudiced NYU's ability to defend the case, it is respectfully submitted that no lesser sanction other than dismissal will suffice in this instance.

In light of the foregoing, it is posited that a balancing of the five (5) factors promulgated by the Second Circuit weighs heavily in favor of dismissal pursuant to F.R.C.P. § 41(b). It is submitted that Plaintiff's intent to abandon this case is unmistakable. Indeed, NYU anticipates that this motion will be submitted unopposed. Accordingly, for the reasons set forth above, it is respectfully requested that the within Court issue an Order striking and dismissing Plaintiff's

Complaint in its entirety and awarding such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
       June 27, 2008

                                    Respectfully submitted,

                                    **GOLDBERG & ASSOCIATES**
                                    Attorneys for NYU

                           By:    /s/_____
                                    DANIEL J. FOX (DF-4765)
                                    39 Broadway, 17th Floor
                                    New York, New York 10006
                                    (212) 968-2300

TO:   Julia Pichardo
        Plaintiff *pro se*
        P.O. Box 433
        Hawthorne, NJ 07514