SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
JULIA A. PICHARDO,

                           Plaintiff,

    - against -

NEW YORK UNIVERSITY and JANE DOE – Student,

                       Defendants.
-----------------------------------------------------------X

Index No. 106054/07

Plaintiff designates
NEW YORK COUNTY
as the place of Trial

The basis of the venue is
situs of accident

SUMMONS

Plaintiff resides at
450 6th Avenue
Patterson, NJ 07507

To the above named Defendants

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: May 2, 2007

                      JOSEPH T. MULLEN, JR. & ASSOCIATES

                      By: _____
                          Thomas M. DeSimone

Defendant's Address:

                      Attorneys for Plaintiff
                      30 Vesey Street, 15th Floor
                      New York, New York 10007
                      (212) 766-1177

NEW YORK UNIVERSITY
25 West Fourth Street
New York, New York 10012

The nature of this action is set forth in the Complaint.
The relief sought is set forth in Complaint.
Upon your failure to appear, judgment will be taken against you by default for a sum of money amount, which exceeds the jurisdictional limits of all lower Courts, and the costs of this action.

JAPichardo-sc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X   Index No. 106034/2007
JULIA A. PICHARDO,

                Plaintiff,

                                                  VERIFIED COMPLAINT

   - against -

NEW YORK UNIVERSITY and JANE DOE – Student,

                Defendants.
-------------------------------------------------------X

       Plaintiff, by her attorney, JOSEPH T. MULLEN, JR., ESQ., as and for her Verified Complaint, respectfully alleges upon information and belief:

AS AND FOR A FIRST CAUSE OF ACTION

    1.    That at all times hereinafter mentioned, the plaintiff was a resident of the City of Patterson and State of New Jersey.

    2.    That at all times herein mentioned, defendant, NEW YORK UNIVERSITY, was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

    3.    That at all times hereinafter mentioned, defendant, JANE DOE – Student (name being fictitious), was a resident of the State of New York.

    4.    At all times hereinafter mentioned, the defendant, NEW YORK UNIVERSITY, owned the premises known as Hayden Hall, located at 33 Washington Square West, in the County of New York, City and State of New York, and more specifically, the dining hall area at said location (hereinafter referred to as "the subject premises").

5. On or about May 4, 2004, the defendant operated the subject premises, and was required to keep same in good repair.

6. On or about May 4, 2004, the defendant maintained the subject premises, and was required to keep same in good repair.

7. On or about May 4, 2004, the defendant managed the subject premises, and was required to keep same in good repair.

8. On or about May 4, 2004, the defendant supervised the subject premises, and was required to keep same in good repair.

9. On or about May 4, 2004, the defendant inspected the subject premises, and was required to keep same in good repair.

10. On or about May 4, 2004, the defendant repaired the subject premises, and was required to keep same in good repair.

11. Upon information and belief, at all times hereinafter mentioned, the defendant owned, operated, designed, maintained, controlled, supervised, inspected and repaired the dining room area and stairwell doors in the subject premises.

12. Upon information and belief, the defendant was responsible for the design, use, control, maintenance, repair and inspection of the dining room area and stairwell doors located at the subject premises.

13. There existed at the subject premises a defective door at stairwell C.

14. Said defective, door constituted a broken, hazardous, dangerous, defective and/or hazardous condition.

15. That on or about May 4, 2004, the defendant, JANE DOE – Student, opened the door at stairwell C, causing it to strike plaintiff, JULIA A. PICHARDO, while she was exiting the dining hall at the subject premises.

16. As a result of the defective door, on or about May 4, 2004, the plaintiff, JULIA A. PICHARDO, sustained serious and permanent injuries.

17. The injuries to the plaintiff, JULIA A. PICHARDO, were caused by the negligence, carelessness and recklessness of the defendants, their agents and/or employees.

18. The injuries to the plaintiff, JULIA A. PICHARDO, were caused by the negligence, carelessness and recklessness of the defendants, their agents and/or employees who failed to exercise due and reasonable care under the circumstances, so as to avoid injuring the plaintiff.

19. The defendant had sufficient time and notice to correct said dangerous and defective conditions at the subject premises.

20. The defendant had sufficient time and notice to correct said dangerous and defective condition, but neglected to do so, resulting in plaintiff's injuries.

21. The said occurrence which resulted in injuries to plaintiff was by reason of the negligence of the defendant in the ownership, operation, creation, control, inspection, design, construction, maintenance and repair of the subject premises

22. That the limitations set forth in Article 16 of the CPLR are not applicable to this action in that one or more of the exceptions enumerated in CPLR 1600-1603 apply.

23. By reason of the foregoing, the plaintiff was caused to suffer pain, discomfort, disability, serious and permanent injury and was damaged thereby.

24. By reason of the foregoing, plaintiff has sustained serious personal injuries, pain, disability and medical expenses, loss of earnings capacity and capability, emotional distress and

will, in the future, incur further pain, disability, medical expenses and loss of earnings capacity and capability.

25. That as a result of the defendants' negligence, the plaintiff has been damaged in an amount, which exceeds the jurisdictional limits of all lower Courts.

WHEREFORE, plaintiff demands judgment against the defendants, who are jointly and severally liable, on the First Cause of Action on behalf of plaintiff, JULIA A. PICHARDO, in an amount, which exceeds the jurisdictional limits of all lower Courts; together with the costs and disbursements of this action.

Dated: New York, New York
       May 2, 2007

Yours, etc.
JOSEPH T. MULLEN, JR. & ASSOCIATES

By: _____
    Thomas M. DeSimone
Attorneys for Plaintiff
30 Vesey Street, 15th Floor
New York, New York 10007
(212) 766-1177

STATE OF NEW YORK
COUNTY OF NEW YORK          SS:

    The undersigned, an attorney admitted to practice in the Courts of New York State, states, that affirmant is the attorney for the plaintiff, that affirmant has read the foregoing Summons and Verified Complaint and knows the contents thereof, and that the same is true to affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters affirmant believes it to be true.

    That the reason why this verification is made by affirmant and not by the plaintiff is because the plaintiff is not within New York County where the attorneys maintain their offices; and that the source of affirmant's knowledge, and the grounds of belief as to those matters therein stated to be alleged on information and belief are correspondence and investigations which have been made concerning the subject matter of this action, and which are in the possession of the said attorneys.

    The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       May 2, 2007

_____
THOMAS M. DESIMONE

Index No. 106034   Year 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JULIA A. PICHARDO,

                              Plaintiff,

- against -

NEW YORK UNIVERSITY and JANE DOE – Student,

                              Defendants.

## SUMMONS and COMPLAINT

**JOSEPH T. MULLEN, JR. & ASSOCIATES**
*Attorneys for Plaintiff*
30 Vesey Street, 15th Floor
New York, New York 10007
(212) 766-1177

To:
Attorney(s) for

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

I hereby certify that pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing Summons and Verified Complaint is not frivolous nor frivolously presented.

Dated: May 2, 2007

                                                      Thomas M. DeSimone

Received 6/12/07 Yolox Jean-Baptiste By Hand

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA A. PICHARDO,,

    Plaintiff,

-against-

NEW YORK UNIVERSITY and JANE DOE - Student,

    Defendants.

Docket No.: 07 civ 06034

**VERIFIED ANSWER**

Defendant, NEW YORK UNIVERSITY ("NYU"), by and through its undersigned counsel of record in this matter, GOLDBERG & ASSOCIATES, as and for its Answer to Plaintiff's Verified Complaint, alleges as follows upon information and belief:

**ANSWERING THE FIRST CAUSE OF ACTION**

1. Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph "1" of Plaintiff's Verified Complaint.

2. Denies each and every allegation set forth in paragraph "2" of Plaintiff's Verified Complaint except admits that NEW YORK UNIVERSITY was, and still is, a not-for-profit corporation organized and existing under and by virtue of the laws of the State of New York.

3. Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph "3" of Plaintiff's Verified Complaint.

4. Denies in the form alleged each and every allegation set forth in paragraph "4" of Plaintiff's Verified Complaint.

4. Denies in the form alleged each and every allegation set forth in paragraph "4" of Plaintiff's Verified Complaint.

5. Denies in the form alleged each and every allegation set forth in paragraph "5" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

6. Denies in the form alleged each and every allegation set forth in paragraph "6" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

7. Denies in the form alleged each and every allegation set forth in paragraph "7" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

8. Denies in the form alleged each and every allegation set forth in paragraph "8" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

9. Denies in the form alleged each and every allegation set forth in paragraph "9" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

10. Denies in the form alleged each and every allegation set forth in paragraph "10" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

11. Denies each and every allegation set forth in paragraph "11" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

12. Denies each and every allegation set forth in paragraph "12" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

13. Denies each and every allegation set forth in paragraph "13" of Plaintiff's Verified Complaint.

14. Denies each and every allegation set forth in paragraph "14" of Plaintiff's Verified Complaint.

15. Denies each and every allegation set forth in paragraph "15" of Plaintiff's Verified Complaint and refers all questions of fact to the trier of the facts.

16. Denies each and every allegation set forth in paragraph "16" of Plaintiff's Verified Complaint.

17. Denies each and every allegation set forth in paragraph "17" of Plaintiff's Verified Complaint.

18. Denies each and every allegation set forth in paragraph "18" of Plaintiff's Verified Complaint.

19. Denies each and every allegation set forth in paragraph "19" of Plaintiff's Verified Complaint.

20. Denies each and every allegation set forth in paragraph "20" of Plaintiff's Verified Complaint.

21. Denies each and every allegation set forth in paragraph "21" of Plaintiff's Verified Complaint.

22. Denies each and every allegation set forth in paragraph "22" of Plaintiff's Verified Complaint and respectfully refers all questions of law to the Court.

23. Denies each and every allegation set forth in paragraph "23" of Plaintiff's Verified Complaint.

24. Denies each and every allegation set forth in paragraph "24" of Plaintiff's Verified Complaint.

25. Denies each and every allegation set forth in paragraph "25" of Plaintiff's Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. Plaintiff's Verified Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. That the injuries and damages allegedly sustained by Plaintiff JULIA A. PICHARDO was brought about or aggravated by the negligent and careless conduct of said Plaintiff.

28. That by reason of the foregoing, any judgment which may be recovered by Plaintiff must be reduced by the amount which is attributable to the degree of culpability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Plaintiff JULIA A. PICHARDO's injuries, if any, were sustained, in whole or in part, by the contributory negligence or assumption of risk by said Plaintiff and, therefore, Plaintiff's damages must be reduced by the amount of culpable conduct attributed to said Plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. If NYU is found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and, therefore, NYU's liability shall be limited to its equitable shares, pursuant to CPLR Article 16.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. NYU is informed and believes, and based upon such information and belief, alleges that any injury, loss or damage, if any, sustained by Plaintiff JULIA A. PICHARDO was directly and proximately caused and contributed to by risks which were fully and actually known to said Plaintiff who fully and actually appreciated the nature and scope of the hazards created thereby and who nevertheless voluntarily assumed such risk and the potential consequences thereof.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. NYU did not breach or violate any legal duty owed to Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33. NYU neither committed nor failed to commit any act which damaged Plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34. Any loss, damage or injuries sustained by Plaintiff was occasioned by the acts or omissions of Plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35. If Plaintiff sustained damages or incurred expenses as alleged, the same are not due or caused by the fault, lack of care, negligence or breach of contract on the part of NYU.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36. Plaintiff JULIA A. PICHARDO, by exercise of reasonable care, could have avoided the matter being sued upon.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

37. Plaintiff has failed to mitigate or minimize the damages allegedly sustained.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

38. Plaintiff's Verified Complaint is barred by the Doctrine of Legal Estoppel.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

39. Plaintiff's Verified Complaint is barred by the Doctrine of Equitable Estoppel.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

40. NYU had no notice or knowledge of any alleged defect or hazardous condition.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

41. The negligence of those responsible for the accident or the occurrence alleged in the Verified Complaint constituted a separate, independent, superseding, intervening culpable act or acts which constitute the sole proximate cause of the accident or occurrence herein.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

42. To the extent that Plaintiff JULIA A. PICHARDO sustained an injury at the time and place alleged in the Verified Complaint, which is expressly denied by this answering Defendant, such injury and occurrence was the result of an open and apparent hazard that was an unavoidable feature of the activity Plaintiff was voluntarily performing at the time and place alleged, and not as a result of any breach of any common law or statutory duty or obligation by this answering Defendant.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

43. Any losses, damages, or injuries sustained by Plaintiff herein, all of which is expressly denied by this answering defendant, were caused by the culpable conduct of some third person, persons, entity or entities, over whom this answering defendant neither had nor exercised control.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

44. Any verdict, judgment or decision that might be obtained by Plaintiff against this answering Defendant must be reduced by the amount of any payments obtained by or paid on behalf of Plaintiff by any collateral-source, pursuant to Section 4545(c) of the New York State Civil Practice Law and Rules and as otherwise determined by the within Court at the time of trial.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

45.  NYU hereby gives notice that it intends to rely upon such other defenses as may become apparent during the discovery proceeding in this case and hereby reserves the right to amend this Verified Answer to assert any such defenses.

WHEREFORE, NYU respectfully requests that the Verified Complaint of Plaintiff, JULIA A. PICHARDO, be dismissed with costs assessed to said Plaintiff.

Dated: New York, New York
       June 29, 2007

Yours, etc.,

**GOLDBERG & ASSOCIATES**
*Attorneys for Defendant New York University*

By: _____
   **DANIEL J. FOX** (22 NYCRR §130-1.1)
39 Broadway, 17th Floor
New York, New York  10006
(212) 968-2300

TO:

Thomas M. DeSimone, Esq.
Joseph T. Mullen, Jr. & Associates
30 Vesey Street, 15th Floor
New York, NY 10007
212-766-1177

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

**CARLOS A. VASQUEZ**, being duly sworn deposes and says:

I am not a party to the action, am over 18 years of age and reside in New York County, State of New York.

On June 29, 2007 I served the within **ANSWER and AFFIRMATIVE DEFENSES**, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service with New York State, addressed to each of the following persons at the last known address set forth after each name.

TO:  Thomas M. DeSimone, Esq.
     Joseph T. Mullen, Jr. & Associates
     30 Vesey Street, 15th Floor
     New York, NY 10007

_____
CARLOS A. VASQUEZ

Sworn to before me on this
29th day of June, 2007.

_____
Notary Public

**DANIEL J. FOX**
**Notary Public, State of New York**
**No. 02FO6096614**
**Qualified in New York County**
**Commission Expires Aug. 4, 2007.**